Ruffin, C. J.
 

 The judgment must be affirmed. Although a bill orpromisory note may be made payable to A. B. or bearer, or to the bearer, yet a bond cannot. That being a deed, it must be made to some certain obligee, to whom or for whom it may be delivered. In that respect it is like other deeds, which cannot be effectually made to the bearer, that is, to any person who may happen to come into possession of them. There, are essential differences between notes and bonds in many respects. The former for instance can be made in blank as to the sum, the payee, the time of payment, and the like, and may be filled up by any person duly authorized, though orally; while a bond must be complete from the beginning in all those respects. The plaintiff cannot sue on this bond, because he is neither named in it, as the obligee, nor is it transferred to him by the obligee named. If it be a bond at all, it is so as being payable to Ezekial Midgett, and the words, “or bearer,” are unmeaning, and may be rejected as surplusage. That is supposed to be very clearly the law ; and then no person can claim the bond but by the assignment of Midgett under the statute. The plaintiff must, then, fail, for want of evidence of a delivery to Midgett, or to any one for him, and also for want of Midgett’s endorsement. It was argued, that the effect of the statute, making bonds negotiable, and transferrable
 
 *411
 
 by endorsement, in the same manner as promissory notes, must be to allow this form of a bond, that is, payable to bearer or to A. B. or bearer. But that consequence can by no means follow. On the contrary, the instrument must be a perfect bond before it can be negociated ; for, it is only as a bond for money, that it is susceptible of transfer, and then it is by endorsement. No doubt, after it has become a perfect instrument, the obligee can, by his endorsement, order the payment to be made to the bearer ; for, in-respect to their transfer, notes and bonds are put on the same footing. But their nature, in their inception and before endorsement, is not touched by the statute, and remains, as at common law. The counsel for the plaintiff'relied also on the case of
 
 Fairly
 
 v.
 
 McLean,
 
 11 Ire. 158, as an authority for the validity of such bonds, and that they enure to the benefit of the bearer. But that is a mistake, for the Court then gave no opinion on the question, and could give none. The action was brought for three bonds, of which two were payable to the intestate and the other to him or bearer *, and in the Superior Court, it was held, that all three vested in the son by the gift and delivery from the intestate, and yielded the point as to the one payable to him or bearer. The question now under consideration was, therefore, not open to the Court upon that occasion, and that case cannot affect the present.
 

 Per Curiam; Judgment affirmed.